JUDGE LINDSAY
delivered the opinion oe the court. .
The bond upon which the appellee.Groom is sued was not executed in the action at law instituted by the administrator of Sallie Bush, deceased, to recover from the Grigsbys the twenty-one slaves owned by his intestate at the time of her death. In fact that action was practically abandoned by being consolidated with the equity action in which said administrator joined with certain of the heirs at law of his intestate in praying a division of these slaves among the coparceners to whom they passed by the laws of descent, and in which it was admitted that the personal representative had no real interest in either of the suits, because of the fact that he had in his hands *677 ample assets to pay the intestate’s debts without the slaves. It was in the equity action that the bond sued on was executed, and in this action, as before stated, the relief sought was a division of the slaves, and not the recovery of their possession. In fact appellants’ petition showed upon its face that they could not maintain an action of detinue, inasmuch as some of the parties in possession were co-tenants with them, and had the same right to the possession of the property as they themselves had; and hence they prayed for appropriate relief — i. e., the partition of the land and the division of the slaves left by their ancestor — and that pending the litigation the defendants should be enjoined and restrained from removing the slaves in their possession out of the state and beyond the jurisdiction of the court. The chancellor granted the temporary injunction, and also directed the sheriff to take possession of the slaves “unless the defendants or some of them, or some one for them, will execute bond to the plaintiffs, with good security to be approved by the sheriff, conditioned to have said slaves forthcoming to abide the future orders of the court.” It was under this order, thus made in the suit for distribution, that the sheriff seized the slaves; and to retain the possession for the purposes of this suit, and for no other, the Grigsbys gave the bond upon which Groom became their surety. If the bond had not been given, the sheriff would have held the slaves as the officer of the court.
The parties plaintiff would not have been entitled to the possession, and could not have obtained it except upon the further order of the court, and then only to hold it until the termination of the action. L. K. Grigsby and his children by executing the bond required by the order of the chancellor were thereby substituted for the sheriff, and held the slaves as the bailees of the court; and the fact that L. K. Grigsby set up claim to the property and protracted the litigation can not place him in the attitude of a party wrongfully retaining pos *678 session of personal property pending an action for its recovery prosecuted by those entitled to its possession. His children were the owners of one eighth interest in the slaves. They had the right to retain the possession by the execution of the bond prescribed by the chancellor, and their father had the right under the chancellor’s order to execute the bond for them. In fact an action at law for the recovery of the slaves could not have been prosecuted by the joint owners unless they all joined as plaintiffs. (Luke v. Marshall, 5 J. J. Marshall, 356.) Hence the proceeding in equity in which the Grigsby children were made defendants and the division asked for. The judgment in the case was in conformity to the prayer of the petition.
It was held that the defendants, John V., Amanda, and Lewis B. Grigsby, were, with the remaining heirs at law of Sallie Bush, deceased, the owners of the slaves, said defendants owning jointly an interest of one eighth; and the master commissioner was directed, among other things, to report the value of the slaves, where they were, who had them in possession, and- whether they could be divided into “legal parts.” (Judgment of December 20, 1865.) This is the last order in the case touching the disposition to be made of these slaves.
The rule against the parties to the bond to show cause why they should not be required to account for their value is not shown by the record before us to have been disposed of; but if it be true, as stated by appellants’ counsel, that the chancellor declined to enforce it, and turned the parties over to their remedy at law, it proves that he understood the obligations of the bondsmen as they are regarded by this court; that is, that they undertook to have the slaves forthcoming when a division was adjudged, and to surrender to each one of the co-tenants such of said slaves as might be adjudged to him or her.
The division has never been decreed, and the destruction *679 of the property held in the slaves' consequent upon the adoption of the thirteenth article of amendment to the Federal constitution left nothing to be divided. Hence the relief sought in the equitable action has not and can never be afforded; and inasmuch as the bondsmen merely undertook that L. K. Grigsby and his children would hold the slaves as the bailees of the court until it was ready to afford this relief, it is manifest that the loss must fall upon those for whom the bailees held the property, and not upon them or their sureties. The record of the suit of Bush’s administrator and heirs against the Grigsbys, which was introduced by appellants as evidence upon the trial of this action, showed that they were entitled to no relief as against Groom. The circuit judge therefore properly instructed the jury to find for him.
Judgment affirmed.
Judge Petees did .not sit in this case.